**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1846
_____

PARIS WITCHER, Appellant

v.

SUPERINTENDENT KERESTES; OFFICER MACLUNNY;
DORINA VARNER
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-09-cv-00558)
District Judge: Honorable James M. Munley
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 25, 2011
Before: SLOVITER, FISHER and WEIS, Circuit Judges
(Opinion filed: January 31, 2011)
_____

OPINION
_____

PER CURIAM.

Paris Witcher, formerly an inmate at the State Correctional Institution at

Mahanoy (SCI-Mahanoy), sued SCI-Mahanoy's Superintendent Kerestes, Officer

MacLunny, and SCI-Camp Hill's Chief Grievance Officer Dorina Varner. Proceeding

*pro se* and *in forma pauperis*, he alleged that "Officer Maclunny [sic] threw away my

legal work[;] the transcripts from [my] preliminary hearing and trial were thrown away in addition to religious and educational books . . . ." Witcher further stated that the transcripts were "the only way I have to re-Address [*sic*] the court and want them returned to me."

The defendants moved to dismiss Witcher's complaint for failure to state a claim on two grounds. The defendants first argued that Witcher sued Kerestes and Varner in their administrative capacities and failed to demonstrate their personal involvement in the alleged unconstitutional conduct. Second, the defendants contended that Witcher's claim against Officer MacLunny should be dismissed for failure to state a proper destruction of property claim. In relation to the arguments about the destruction of property claim, Witcher responded by explaining that he was asserting an access to the courts claim. Although he also cited Washington v. Klem, 497 F.3d 272 (3d Cir. 2007), he did not suggest how the rule of that case applied to him.

The District Court granted the motion in part and denied it in part. Concluding that Witcher did not allege, and could not establish, the personal involvement of Kerestes and Varner, the District Court dismissed the complaint as to them. Given Witcher's response to the motion to dismiss, the District Court considered the allegations against Officer MacLunny as a claim of a violation of his right to access of the courts. Pursuant to 28 U.S.C. § 1915, the District Court dismissed the claim for failure to state a claim, explaining that Witcher had not alleged that his ability to litigate a claim was

2

impaired by the destruction of any of his property. However, the District Court allowed Witcher leave to amend his complaint against MacLunny.

Witcher subsequently filed a short amended complaint naming MacLunny as the sole defendant. Witcher alleged that MacLunny threw away 217 pages of Witcher's pre-trial and trial transcripts and "25 religious books, including 2 Qurans, 2 Hadiths, and assorted study books."

The District Court screened the amended complaint under 28 U.S.C. § 1915A and dismissed it for failure to state a claim. The District Court noted that despite being given the opportunity to allege actual injury from the destruction of his property in order to state an access to the courts claim, Witcher failed to do so. The District Court also held that Witcher had failed to allege how the removal of the religious books substantially burdened his ability to observe a central religious belief or practice. Noting that the amended complaint was substantially similar to the original complaint, the District Court held that affording Witcher an additional opportunity to amend would be futile.

Witcher appeals. On appeal, Witcher states that legal, religious, and educational materials were destroyed, specifically mentioning his transcripts. He also argues that he should have been allowed to amend his complaint a second time because the District Court initially believed that the pleading deficiencies in his complaint could be remedied. Witcher again cites Washington v. Klem, this time stating generally that he was denied a fundamental aspect of worship when his religious and educational materials

3

were thrown away. Also in his opening brief, he identifies the elements of an access to the courts claim, but he does not address the actual injury component except to say that he will be prevented from attacking his conviction in the future. In his reply brief, among other things, Witcher gives reasons why he sued Kerestes and Varner and otherwise addresses the defendants' arguments.

Witcher also seeks to expand the record on appeal so that we may consider a letter from his trial counsel in which she states that she does not have a copy of his trial transcript, and an order issued by the Court of Common Pleas of Delaware County denying his PCRA petition.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the dismissal of Witcher's complaint. See Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004); Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We review the denial of leave to amend for abuse of discretion. See Lum, 361 F.3d at 223.

We will affirm the District Court's judgment. It is unclear to what extent Witcher challenges the order dismissing the suit against Kerestes and Varner. Nonetheless, we hold that the District Court did not err in dismissing the complaint against those two defendants because Witcher did not allege the requisite personal involvement. See Rode v. Dellarciprete, 845 F.2d 1195, 1208 (3d Cir. 1988).

The District Court also properly dismissed the claims against MacLunny. Despite the District Court's explicit prompting in its first memorandum and order, in his amended complaint Witcher again failed to set forth a claim of actual injury suffered by

4

the loss of his legal documents. See Lewis v. Casey, 518 U.S. 343, 355 (1966) (stating that an access to the courts claim requires that the plaintiff plead that he is directly or collaterally challenging his sentence or condition of confinement and that the destroyed documents were necessary for him to do so). Also, with his amended complaint, he had a second chance to present his free exercise claim based on the alleged destruction of his property. Witcher elaborated on the free exercise claim somewhat in the amended complaint, stating that MacLunny removed religious books including two Qurans and two Hadiths. However, the amended allegation, standing alone, did not state a claim for relief. Specifically, Witcher did not suggest that MacLunny "placed a substantial burden on the observation of a central religious belief or practice." See Hernandez v. Comm'r, 490 U.S. 680, 699 (1989).

Given that the District Court once permitted Witcher to amend his complaint and the amendment was, as the District Court observed, substantially similar to the original complaint, we do not find an abuse in discretion in the District Court's disallowance of a second amendment. For these reasons, we will affirm the District Court's judgment. We deny Witcher's motion to expand the record on appeal.